and plaintiff's assignor refused to execute the contract, on the ground that the defendant had represented that a mortgage on the property for $7,000 had three years to run, whereas in fact it had less than a year to run; whereupon the former demanded the return of the $250, but the defendant refused to pay back the money. Plaintiff's assignor assigned the claim to the plaintiff, who brought the present action to recover the $250 as so much money had and received by the defendant to and for the use of plaintiff's assignor. The judge sent to the jury the question whether the defendant had misrepresented the time the mortgage had to run before its maturity, and the jury found on this issue for the plaintiff, so that the facts have all been determined in his favor. The main point urged against the recovery is that an action for money had and received would not, on the allegations of the complaint, lie in this case. Upon this proposition the authorities seem to hold that an action in that form will lie. Byxbie v. Wood, 24 N. Y. 607; Berry v. Mayhew, 1 Daly, 56; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; and kindred cases. It follows that the judgment appealed from must be affirmed, with costs. All concur.

---

## NAGEL v. ADLER et al.

(City Court of New York, General Term. November 20, 1894.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
  Verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by Harris Christian Nagel against Albert A. Adler and Rosa Adler. From a judgment entered on a verdict in favor of plaintiff, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Philipp J. Britt, for appellants.
Charles L. Hubbell, for respondent.

McCARTHY, J. This trial involved a question of fact, which was fairly submitted under proper instructions. The jury having found on the facts against the defendants, and on conflicting evidence, we see no reason to disturb the same. Judgment is therefore affirmed, with costs. All concur.

---

## ANSEN v. BURT.

(City Court of New York, General Term. November 20, 1894.)

DISMISSING COMPLAINT—STAGE OF TRIAL.
  It is error to dismiss the complaint before plaintiff has presented all his evidence.

Appeal from trial term.

Action by Thomas Ansen against Charles A. Burt for work, labor, and services. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

Foley & Wray, for appellant.

Carpenter & Mosher, for respondent.

McCARTHY, J. This is an appeal from a judgment dismissing the plaintiff's complaint. The plaintiff had been examined and cross-examined, but the same was not concluded, when the trial justice said he would not allow this case to go to the jury, and thereupon dismissed the complaint. The action was for work, labor, and services as captain of a certain barge at $13 per week for seven weeks, and as watchman for 11 nights at the rate of $1 per night, and for other services particularly detailed. The evidence presented a question of fact, part of the amount being admitted by the defendant's answer. The court erred in dismissing the complaint. It should have permitted the plaintiff to present all his evidence, and then submitted the question to the jury. The libel in the United States court against the steam tug Meta to recover for personal injuries was not a bar to this action. It was not between the same parties, nor for the same claim, and was in no way connected with the claim in suit. Nor are the facts alleged in the libel inconsistent with the claim in suit. The only purpose for which it could be used in this case is on the question of credibility of the witness, and this should have gone to the jury. Judgment is therefore reversed, and a new trial granted, with costs to the appellant, to abide the event.